(Reap. Dec. 11110)

TRIUMPH OF EUROPE, INC. v. UNITED STATES

Entry No. 525001, etc.

(Decided December 7, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

FORD, Judge: The appeals for reappraisement, listed in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

(1) That the involved merchandise consists of undergarments exported from Bermuda and entered, or withdrawn from warehouse, for consumption after the effective date of the Customs Simplification Act of 1956 (T.D. 54165) ; that said merchandise is not identified on the Final List published by the Secretary of Treasury pursuant thereto (T.D. 54521), and that appraisement was accordingly made under section 402 of the Tariff Act of 1930 as amended by said Customs Simplification Act.

(2) That on or about the dates of exportation, such or similar merchandise was not freely sold or offered for sale in the country of exportation for export to the United States ; that on or about said dates of exportation, such or similar merchandise was not freely sold or offered for sale in the principal market of the United States for domestic consumption ; that the merchandise was accordingly appraised under constructed value as defined in section 402(d) of the Tariff Act of 1930 as amended by the said Customs Simplification Act.

(3) That the constructed value as defined in section 402(d) of the involved merchandise is equal to the *per se* appraised unit values plus 5%, net packed.

(4) That the appeals enumerated in Schedule "A" annexed may be submitted upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as a statement of facts, I find and hold that the involved merchandise was entered or withdrawn from ware-

house for consumption on or after February 27, 1958; that the involved merchandise was not listed on the final list of articles published in T.D. 54521, effective February 27, 1958; and that constructed value, as that value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved, and I find and hold that such statutory value is the *per se* appraised unit values, plus 5 percent, net packed.

Judgment will be entered accordingly.